UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Matson, Marie Matson, and Robert Waletzko,

Plaintiffs,

v.

Case No. 17-cv-4571 (JNE/LIB)
ORDER

Mipro US, Inc.; Mipro Ortho Pte. Ltd.; Maxx Health, Inc.; Maxx Orthopedics, Inc.; Portland Orthopaedics Limited; Metalicity Limited; Orchid Orthopedic Solutions, LLC; John Doe M-Cor Neck Manufacturers 1-5; John Doe M-Cor Stem Manufacturers 1-5; John Doe Material Suppliers 1-5; and John Doe Corporations 1-5,

Defendants.

Asserting several claims based on the failures of Thomas Matson's and Robert Waletzko's hip implants, Thomas Matson, Marie Matson, and Waletzko brought this action against Mipro US, Inc.; Mipro Ortho Pte. Ltd.; Maxx Health, Inc.; Maxx Orthopedics, Inc.; Portland Orthopaedics Limited; Metalicity Limited; Orchid Orthopedic Solutions, LLC; and several unidentified entities. The Matsons and Waletzko invoked 28 U.S.C. § 1332 (2012) as the basis of subject-matter jurisdiction. Observing deficiencies in their jurisdictional allegations, the Court grants the Matsons and Waletzko an opportunity to file an amended complaint. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction

may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)).

A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

The Matsons and Waletzko bear the burden of alleging each party's citizenship. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). In their complaint, they alleged that (1) they are citizens of Minnesota; (2) Mipro US, Inc., "at all relevant times hereto . . . was a foreign corporation organized and existing pursuant to the laws of the State of Pennsylvania, with its principal place of business" in Pennsylvania; (3) Mipro Ortho Pte. Ltd. "at all times relevant hereto . . . was a Chinese Company with its principal place of business" in Singapore; (4) Maxx Health, Inc., "at all times hereinafter mentioned . . . was and still is a foreign corporation organized and existing pursuant to the laws of the State of Pennsylvania with its principal place of business" in Pennsylvania; (5) Portland Orthopaedics Limited "was at all times relevant to this action, organized and existing pursuant to the laws of Australia, with its principal place of business" in Australia; (6) Metalicity Limited "at all times relevant hereto . . . was organized and existing under the laws of Australia, with its principal place of business" in

Australia; (7) Orchid Orthopedics Solutions, LLC, "at all times relevant hereto . . . was a foreign limited liability company organized and existing pursuant to the laws of the State of Delaware," and "no [m]ember of the Orchid Solutions LLC resides in the State of Minnesota"; and (8) "the John Doe Defendants are entities whose names and addresses are unknown."

***Maxx Orthopedics, Inc.***

No allegation of Maxx Orthopedics' citizenship appears in the complaint.

***Orchid Orthopedics Solutions, LLC***

"While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016). "Despite [its] oft-repetition of the rule linking unincorporated entities with their 'members,' [the Supreme Court has] never expressly defined the term." *Id.* at 1015. It has equated an association's members with its owners or the several persons composing the association. *Id.* "Applying this principle with reference to specific States' laws, [the Supreme Court has] identified the members of a joint-stock company as its shareholders, the members of a partnership as its partners, the members of a union as the workers affiliated with it, and so on." *Id.*

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of

the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. The Matsons and Waletzko did not allege the citizenship of Orchid Orthopedics Solutions' members. *See D.B. Zwirn Special Opportunities Fund*, 661 F.3d at 125-27 ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a . . . Court of the United States.'" (alteration in original)); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64-65 (9th Cir. 2011) ("For fourteen of these entities, Appellees assert that 'none of its members is an Oregon citizen,' but do not identify of what state they are a citizen nor whether they are composed of another layer of partnerships. In light of Appellees' burden to establish complete diversity, such conclusory statements are insufficient." (citation omitted)).

***Doe entities***

The Matsons and Waletzko alleged that "[o]ne or more John Doe Corporations supplied materials used in the M-Cor Modular Hip Systems at issue in this case; one or

more John Doe corporations contracted with Mipro US, Inc., or other entity, to manufacturer [sic] the femoral necks at issue in this case; and one or more John Doe Corporations contracted with Mipro US Inc., or other entity, to manufacture the femoral stems at issue in this case." "'For almost two centuries the diversity statute has been interpreted to require "complete" diversity of citizenship,' a crucial prerequisite which every plaintiff seeking diversity jurisdiction has the burden of alleging and eventually proving. Given this burden, '[t]he general rule . . . has been that, on challenge, the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action.'" *Lee v. Airgas–Mid S., Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (alterations in original) (citations omitted).[1]

***Conclusion***

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012); *see Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998). The Court grants the Matsons and Waletzko seven days from the date of

---

[1] In *Lee*, the plaintiff avoided a "jurisdictional quandary" by failing to assert any claim against the Doe defendants:

> Lee inadvertently avoids this jurisdictional quandary and satisfies diversity by failing to levy a single claim against a John Doe defendant. In Lee's amended complaint, the John Does are mentioned precisely twice, and in both instances the complaint states only that the John Does "are persons or corporations or other entities whose identity and whereabouts are unknown at the time of filing this Complaint. None of the John Doe defendants are believed to be citizens of Arkansas." The John Does are obviously fictional placeholders, and because Lee raises no claim against them, their presence in the complaint is also nominal and, as such, cannot affect diversity jurisdiction.

793 F.3d at 899.

this Order to file an amended complaint that rectifies the deficiencies noted above. If they fail to do so, the action is subject to dismissal for lack of subject-matter jurisdiction.[2]

IT IS SO ORDERED.

Dated: January 8, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2] Citing Rule 41(a)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Matsons, Waletzko, and Orchid Orthopedic Solutions filed a stipulation of dismissal in which the Matsons agreed to a dismissal of their claims against Orchid Orthopedic Solutions with prejudice and Waletzko agreed to a dismissal of his claims against Orchid Orthopedic Solutions without prejudice. The Court assumes the stipulating parties meant to invoke Rule 41(a)(1)(A)(ii). The Court will consider the stipulation in due course.